In the Matter of John Thomas **PARTAIN**, Bankrupt.

**GENERAL MOTORS ACCEPTANCE CORPORATION, Petitioner,**

v.

**Jacob C. PONGETTI, Trustee.**

No. EBK 72–46–S.

United States District Court,
N. D. Mississippi, E. D.

Nov. 15, 1972.

Jess B. Rogers, Mitchell, Rogers & Eskridge, Tupelo, Miss., for petitioner.

Jacob C. Pongetti, Columbus, Miss., Trustee.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This action involves the security interest of petitioner in a 1970 Oldsmobile Vista Cruiser Automobile which was in the possession of and owned by bankrupt at the time he filed his petition in bankruptcy on March 28, 1972.

Petitioner claims a perfected security interest in the automobile, and seeks to have it released from the estate of the bankrupt. From an adverse decision of the Referee on its Petition for Reclama-tion, petitioner presents the Petition for Review. The matter is before the court on the record as certified by the Referee.

The Certificate on Review contains all documents and papers necessary for a review of the Referee's order. Included among these are copies of the order sought to be reviewed and the opinion of the Referee, the latter containing the Referee's findings of fact.

The parties agree that the Referee's findings of fact are correct in every material respect. The parties differ only on the Referee's application of the law to the facts.

The automobile in question was purchased by bankrupt for personal and family use on June 11, 1970. At the time of purchase bankrupt was a resident citizen of and resided in the State of Alabama. Bankrupt executed a conventional conditional sales contract for the balance due on the purchase price of the automobile. The contract was thereafter assigned by the dealer to petitioner who is now the holder thereof.

Alabama does not have a motor vehicle title law. A security interest in the automobile was timely and legally perfected in Alabama, at the place of bankrupt's residence, pursuant to the Alabama version of the Uniform Commercial Code.[1]

Later in June 1970, bankrupt moved to Nettleton, Mississippi. He continued to reside in Mississippi until the date upon which he filed a petition in bankruptcy in this action.

After moving to Mississippi bankrupt purchased 1971 and 1972 license tags for the automobile.

On August 10, 1970, the petitioner's Dothan, Alabama office received a letter from bankrupt enclosing a check for $141.25. The letter gave the bankrupt's Nettleton address, and requested petitioner to transfer his account to petitioner's Columbus, Mississippi office. The account was transferred to petitioner's office at Tupelo, Mississippi on September 8, 1970.

1. Code of Alabama, Tit. 7A § 1–101 to § 10–104.

At the time of the filing of the petition in bankruptcy neither the bankrupt nor petitioner, nor anyone else, had made application for a Mississippi Certificate of Title covering the automobile in question, nor, had any Uniform Commercial Code financing statement been filed with any filing officer in the State of Mississippi.

Mississippi adopted its version of the Uniform Commercial Code in 1966. The Act became effective March 31, 1968. Miss.Laws 1966, Ch. 316, § 10–101.[2] Section 9–103(3)[3] (Miss.Code Ann. § 41A:9–103(3)), which covers incoming goods already subject to a security interest in another state provides:

> If personal property . . . is already subject to a security interest when it is brought into this State, the validity of the security interest in this State is to be determined by the law (including the conflict of laws rules) of the jurisdiction where the property was when the security interest attached. . . . If the security interest was already perfected under the law of the jurisdiction where the property was when the security interest attached and before being brought into this State, the security interest continues perfected in this State for four (4) months and also thereafter if within the four-month period it is perfected in this State.

Section 41A:9–302(3) of the Mississippi Uniform Commercial Code, in pertinent part, provides:

> The filing provisions of this Article ▉ do not apply to a security interest in property subject to a statute . . . of this State . . . which requires indication . . . on a certificate of title of, such security interests in such property.

Mississippi enacted a Motor Vehicle Title Act in 1968.[4] The Act became ef-

fective August 9, 1968.[5] Section 8125–24 provides, in part:

> [E]very owner of a motor vehicle as defined in Section 8125–23, Mississippi Code of 1942, which is in this state and which is manufactured or assembled after July 1, 1969, or which is the subject of first sale for use after July 1, 1969, shall make application to the comptroller for a certificate of title of the motor vehicle with the following exceptions:
>
> (a) Voluntary application for title may be made for any model motor vehicle which is in this state after July 1, 1969, and any person bringing a motor vehicle into this state from a state which requires titling shall make application for title to the comptroller within thirty (30) days thereafter. (Emphasis supplied).

Section 8125–23(m) provides:

> The term "owner" shall mean a person or persons holding the legal title of a vehicle; or in the event a vehicle is the subject of a deed of trust or a chattel mortgage or an agreement for the conditional sale or lease thereof or other like agreement, with the right of purchase upon performance of the conditions stated in the agreement and with the immediate right of possession vested in the grantor in the deed of trust, mortgagor, conditional vendee or lessee, said grantor, mortgagor, conditional vendee or lessee shall be deemed the owner for the purpose of this act.

Sections 8125–27(a) and (f) provide:

> (a) The application for the first certificate of title of a vehicle in this State shall be made by the owner to a designated agent, on the form the comptroller prescribes, and shall contain:
>
> .   .   .   .   .   .
>
> (f) If the application is for a first certificate of title on a vehicle other

---

2. Miss.Code Ann. § 41A:10–101 (Special Supp.1967).

3. Id. 41A:9–103(3).

4. Miss.Code Ann. §§ 8125–21 through 8125–62 (Cum.Supp.1971).

5. Miss.Code Ann. § 8125–62 (Cum.Supp. 1971).

than a new vehicle, then the application shall conform with the requirements of this section except that in lieu of the manufacturer's statement of origin, the application shall be accompanied by a copy of the bill of sale of said motor vehicle whereby the applicant claims title or in lieu thereof certified copies of the last two (2) years' tag and tax receipts or in lieu thereof such other information the comptroller may reasonably require to identify the vehicle and to enable the comptroller to determine ownership of the vehicle and the existence or nonexistence of security interest in it. If the application is for a vehicle last previously registered in another state or country, the application shall also be accompanied by the certificate of title issued by the other state or country, if any, properly assigned.

Section 8125–41 provides, in pertinent part:

[A] security interest in a vehicle of a type which a certificate of title is required is not valid against creditors of the owner or subsequent transferees or lienholders of the vehicle unless perfected as provided in this act.

(b) A security interest is perfected by the delivery to the comptroller of the existing certificate of title, if any, an application for a certificate of title containing the name and address of the lienholder and the date of his security agreement, a copy of the security interest document, and the required fee.

(c) If a vehicle is subject to a security interest when brought into this state, the validity of the security interest is determined by the law of the jurisdiction where the vehicle was when the security interest attached, subject to the following:

.   .   .   .   .   .

(2) If the security interest was perfected under the law of the jurisdiction where the vehicle was when the security interest attached, the following rules apply:

.   .   .   .   .   .

(ii) If the name of the lienholder is not shown on an existing certificate of title issued by that jurisdiction the security interest continues perfected in this state for four (4) months after a first certificate of title of the vehicle is issued in this state, and also thereafter if within the four-month period it is perfected in this state.   .   .   .

.   .   .   .   .   .

(4) A security interest may be perfected under paragraph (2)(ii)   .   . either as provided in subsection (b) or by the holder of the lien created out of this state delivering to a county tax collector or a designated agent a notice of security interest in the form the comptroller prescribed together with documents to support the security interest as required by the comptroller and the required fee. The county tax collector or a designated agent shall process said notice in the manner prescribed by the comptroller.

There is an apparent hiatus in the Motor Vehicle Title Act as it applies to the perfection in this state of a security interest acquired in an automobile brought into this state from another jurisdiction. Where the interest is acquired in a jurisdiction which has an effective Motor Vehicle Title Act, and the lienholder is shown on an existing certificate of title issued by that jurisdiction his interest continues perfected in this state. Miss.Code Ann. § 8125–41 (c)(2)(i). If the lienholder is not shown on an existing certificate of title issued by such other jurisdiction the security interest continues perfected in this state for four months, after a first certificate of title of the vehicle is issued in this state, and also thereafter if within the four month period it is perfected in this state. Miss.Code Ann. § 8125–41 (c)(2)(ii).

A title certificate for the automobile in question was not in existence when bankrupt brought the automobile into Mississippi, as such was not required in Alabama, from whence it was removed. Petitioner contends that by virtue of the express terms of the statute, its lien,

having been perfected in Alabama, remained perfected in Mississippi until March 28, 1972, the date of bankruptcy, since neither the bankrupt nor petitioner had caused a certificate of title to issue in Mississippi.

■ This contention requires the petitioner to take the position that the statute is applicable in instances where a title certificate has never been issued for the automobile in question, as well as in instances where a certificate has been issued and is, therefore, in existence, but the lienholder's name is not shown thereon. The end result of such contention is that in circumstances such as are shown to exist in the action sub judice, the owner and lienholder can hold the automobile in Mississippi under a perfected lien for an indefinite period of time without taking any steps to give notice thereof to the public generally. The court doubts that the Legislature had such an intention in mind when it adopted the Motor Vehicle Title Act. It is more reasonable to assume that the Legislature intended the Act to apply to automobiles with title certificates, but upon which the lienholder's name did not appear.

The Act required the bankrupt to apply for and secure a title certificate, Section 8125–24, but this he failed to do. Petitioner could have perfected its security interest under the Mississippi Motor Vehicle Title Act by delivering to the County Tax Collector or a designated agent of the Comptroller a notice of its security interest in the automobile in the form prescribed by the Comptroller with documents to support such interest. Section 8125–41(c)(4). Petitioner, however, did not do this, nor did it perfect its security interest pursuant to Mississippi's Uniform Commercial Code. 41A:-9–401, 402(2)(a) Mississippi Code, Ann. (Special Supplement).

Petitioner must have been conversant with Mississippi's Motor Vehicle Title Act and Mississippi's Uniform Commercial Code, since it deals in automobile and other personal property loans, yet it allowed the automobile to remain in Mississippi from June 1970 to March 1972, without taking any steps to protect its security interest or to inform the public of its claim to the automobile.

Petitioner's reasoning leads inescapably to the conclusion that when an automobile, manufactured or assembled after July 1, 1969, or the subject of a first sale for use after that date, is moved into Mississippi from a non-title state, a lienholder who holds a perfected lien in the nontitle state, holds his perfected security interest in Mississippi without any time limitation, unless the owner or the lienholder takes the affirmative action required by the Mississippi Motor Vehicle Title Act to secure a first certificate of title.

The Referee entered an order denying the reclamation petition on the ground that, at the time of the filing of the bankruptcy petition, petitioner did not have a perfected security interest in the automobile in question.

■ The Referee's exhaustive and excellent opinion holds, in essence, that when the Mississippi Uniform Commercial Code and the Mississippi Motor Vehicle Title Act are construed, each in relation to the other, it is reasonable to conclude that the perfection provisions of the Title Act are inapplicable in circumstances such as are presented by this record, and the parties are remitted to the provisions of Article 9 of the Uniform Commercial Code as regards perfection of the security interest in Mississippi. The Referee concluded that under 41A:9–103 of Mississippi's Uniform Commercial Code petitioner's security interest in the automobile in question remained perfected for four months after the automobile was brought into Mississippi, 41A:9–103(3), at which time the security interest expired, since petitioner did not comply with the filing provisions of the Code, 41A:9–401.

The court finds that the Referee's order denying the right of petitioner to possession of the automobile in question is correct and should be affirmed.

The court will enter an appropriate order.